UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY PARISH,

    Petitioner,

    v.          CAUSE NO. 3:22-CV-182-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Anthony Parish, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for murder and felony robbery under Case No. 02D04-901-MR-3. Following a trial, on December 18, 2009, the Allen Superior Court sentenced him to eighty-six years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas petitions states as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Review of the petition indicates that the date on which the judgment became final is the applicable starting point for calculating timeliness. On direct appeal, the Indiana Supreme Court denied Parish's petition to transfer on January 14, 2011. *Parish v. State*, 2A03-1002-CR-74.[1] Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on April 14, 2011. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires).

Two hundred days later, on October 31, 2011, Parish initiated post-conviction proceedings, *Parish v. State*, 2D05-1110-PC-160; *Parish v. State*, 2D05-1401-PC-18, and the

---

[1] Electronic dockets for cases filed with the Indiana courts are available at https://public.courts.in.gov/mycase/.

2

Indiana Supreme Court denied transfer on November 19, 2020. *Parish v. State*, 20A-PC-44. Consequently, the limitations period was no longer tolled as of November 19, 2020, and the federal limitations period expired one hundred sixty-five days later on May 3, 2021. Parish did not file the petition in this habeas case until March 6, 2022. ECF 1. Because Parish filed the petition ten months too late, the court denies the petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Parish to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Anthony Parish a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on March 25, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT