UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY PARISH, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-182-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Anthony Parish, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for murder and felony robbery under Case No. 02D04-901-MR-3. Following a trial, on December 18, 2009, the Allen Superior Court sentenced him to eighty-six years of incarceration. In response, the Warden argues that the petition should be dismissed as an unauthorized successive petition.

This is not the first time Parish has sought federal habeas relief in connection with his conviction. He first attempted to obtain habeas relief in *Parish v. Hyatte*, 1:21-CV-622 (S.D. Ind. dismissed Jan. 4, 2022), but this habeas petition was dismissed as untimely. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized Parish to file a successive petition, the court cannot proceed in this case.

In reply, Parish argues that this petition is not successive because the Southern District of Indiana ruled on his prior petition in violation of 28 U.S.C. § 2241(d). This statutory provision states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

It is true that Paris was neither convicted nor incarcerated within the geographic boundaries of the Southern District of Indiana when he initiated the prior action. However, the Seventh Circuit has held that this statutory provision concerns venue, which is waivable, rather than subject matter jurisdiction, which is not waivable. *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004). In the prior action, neither Parish nor the Warden asserted improper venue, so it was waived. *See* Fed. R. Civ. P. 12(h)(1) (improper venue must be asserted at the pleading stage). Moreover, Parish cannot challenge the validity or correctness of another district court's ruling in this court. *See* 28 U.S.C. § 1291 (conferring appellate jurisdiction to the United States Court of Appeals).

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a

2

constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Parish a certificate of appealability.

As a final matter, the court observes that, in the petition, Parish represented under penalty of perjury, that he had not previously challenged this conviction in federal court. ECF 1 at 2. In the motion to reopen the case, he represented that limited access to the law library prevented him from filing his petition by May 3, 2021. ECF 6. The court relied on these representations in reopening this case and in ordering the Warden to respond. ECF 7, ECF 8. It is now apparent that neither of these representations were true given that Parish filed a prior petition in the Southern District of Indiana on March 15, 2021. Moreover, it seems unlikely that Parish simply forgot about the prior petition given that it was dismissed a mere two months before he initiated this case. The court declines to impose sanctions at this time, but Parish is cautioned that if he knowingly makes false statements to the court in future filings, he will be subject to sanctions, including dismissal, fines, or filing restrictions.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Anthony Parish a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 5, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT